UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 24-42774

KAVON MARQUIS CURRY,                            Chapter 7

        Debtor.                          Judge Thomas J. Tucker

_____/

**ORDER DENYING, WITHOUT PREJUDICE, EX-PARTE MOTION TO REOPEN
CASE AND TO WAIVE REOPENING FEE**

    This case is before the Court on the motion entitled "Debtor's Ex-Parte Motion to Reopen Case and Waiving Reopening Fee So That Debtor May File Motion to Excuse Requirement to Complete Form 423 as Debtor Has Passed Away" (Docket # 21, the "Motion"). The Motion seeks (1) "to have the Court reopen [the Debtor's] bankruptcy case so [the Debtor's former attorney] may file the Motion to [E]xcuse Financial Management Course Certificate and receive a discharge of [the Debtor's] debts," and (2) a waiver of the filing fee for the Motion. (*Id.* at ¶¶ 4-5.) The Motion states that the "Debtor passed away on May 28, 2024[.]" (*Id.* at ¶ 2; *see also* Ex. 2 to Mot. ("Certificate of Death").) The Motion states further that the "Debtor's brother has requested that [the] Debtor[']s counsel attempt to reopen [the] Debtor's case and complete the process of [d]ischarging [the] Debtor's debts so that a probate estate may proceed after discharge." (*Id.* at ¶ 3.)

    The Motion must be denied, because it was not filed by or on behalf of anyone with standing to seek the relief sought (*e.g.*, the Motion does not allege or demonstrate that the Debtor's brother is the personal representative of the estate of the deceased Debtor).

    The Motion purportedly was filed by the Debtor, through his former counsel, at the request of the Debtor's brother. But the Debtor is deceased, and the Motion does not show that the Debtor's brother or his former attorney has standing or authority to file a motion on behalf of the deceased Debtor's estate.

    Only a personal representative duly appointed by the probate court under the laws of the State of Michigan may file a motion seeking relief on behalf of the deceased Debtor. *See In re Beach*, No. 20-47886, 2022 WL 1446748 (Bankr. E.D. Mich. May 6, 2022); *In re Pack*, 634 B.R. 738, 739 (Bankr. E.D. Mich. 2021); *In re Hamilton*, 274 B.R. 266, 267 (W.D. Tex. 2001) (citing *In re Lucio,* 251 B.R. 705, 708-09 (Bankr. W.D. Tex. 2000)) ("[W]hen a debtor dies, the only person who can then appear on the debtor's behalf is the person so named as the official representative of the probate estate of the debtor."); Mich. Comp. Laws Ann. § 700.3103 (stating, in relevant part, that "[e]xcept as otherwise provided in article IV, to acquire the powers and undertake the duties and liabilities of a decedent's personal representative, a person must be

appointed by the register or by court order, must qualify, and must be issued letters"); Mich. Comp. Laws Ann. § 700.3703(3) (stating that "[e]xcept as to a proceeding that does not survive the decedent's death, a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state and the courts of another jurisdiction as the decedent had immediately prior to death").

The Motion does not allege or demonstrate that the Debtor's brother is the personal representative of the deceased Debtor.

For these reasons,

IT IS ORDERED that the Motion (Docket # 21) is denied, in its entirety.

IT IS FURTHER ORDERED that this Order is without prejudice to the right of a duly appointed personal representative of the deceased Debtor to file a motion seeking the same relief that was sought by the present Motion. The Court expresses no view at this time about the merits of any such potential future motion.

**Signed on September 3, 2024**



/s/ Thomas J. Tucker

**Thomas J. Tucker**
**United States Bankruptcy Judge**